By the Court.
The county commissioners are required to provide a suitable place for holding the courts of a county, until a permanent seat of justice is erected.
Until such permanent seat of justice is erected, Section 2418, General Code, vests in the county commissioners discretion to determine what is a suitable place for holding the courts of the county. Their determination of that question will not be interfered with except for abuse of discretion.
The county commissioners are also authorized to provide a courthouse, when in their opinion it is needed. But in the erection of such permanent seat of justice, the county commissioners are not vested with authority or discretion to determine the character of the building that shall be erected, other than to fix the amount that shall be expended therefor. On the contrary, that authority is vested in a building commission, of which the members of *65 the board of county commissioners are ex officio members. The four other members are appointed by the court of common pleas.
Where the amount proposed to be expended is less than $25,000, then this building commission shall consist of the members of the board of county commissioners, the clerk of the court, the sheriff, probate judge, and one person to be appointed by the court of common pleas. In either event, the plans, specifications, drawings and representations must be approved by this building commission, and not by the board of county commissioners.
After the building is erected, the county commissioners have no discretion or authority to deprive the courts of the use of any part of the building provided by this building commission for the administration of justice; otherwise the appointment of such a commission would be an idle performance.
The county commissioners are also authorized to provide suitable offices for the county officers, and this they may do, either in a separate building, or in the courthouse itself, provided the plans for a courthouse, including the offices for the county officers, .are approved by the building commission; and, while, under the express provisions of the statute, the county commissioners have full control over these offices, whether located in the courthouse or in a separate building, yet this, however, does not alter the fact that the primary purpose of the courthouse is to provide a permanent seat of justice. It is unimportant whether such seat of justice occupies the entire courthouse or a part thereof *66 specifically assigned and designated by the building commission for the use of the courts in the administration of justice. The part so assigned is as much within the .control and jurisdiction of the courts as if the whole building were devoted exclusively to judicial purposes.
While the statutes provide for a building commission when other county buildings are proposed to be erected, nevertheless there is a clear distinction between such buildings and a courthouse.
The judicial power is a separate and independent department of government, and when a building is erected, and the whole or a part thereof is provided or assigned by the building commission to the use of this independent department of government, such building, or such part as may be so assigned, naturally and necessarily comes within the control of that department, otherwise a conflict of authority might seriously impede the administration of justice.
Undoubtedly the county commissioners have some jurisdiction or control over the entire building, but the extent of that jurisdiction and control is clearly defined by the statutes requiring them to furnish and maintain the building and provide light and heat therefor; but they cannot deprive this independent branch of the state government of the use of any part of a courthouse provided by the building commission for its purposes.
Whether this room in the Crawford county courthouse, marked “Chancery Court,” was or was not designated and set apart by the building commission for the use of the court, is a question of *67 fact for the trial court. There is evidence in this record in support of the affirmative of this proposition. In fact, counsel for the relator in his brief says that this was probably done by the building commission, or by the architect with its approval. However, this court will not consider the weight of the evidence.

Judgment affirmed.

Nichols, C. J., Newman, Jones, Johnson and Donahue, JJ., concur.